Argued and submitted November 9, 1988, rules upheld January 11, 1989

## MURPHY,
### dba Hood View Residential Care Home and Mt. Scott Residential Care Home,
*Petitioner,*

*v.*

## SENIOR SERVICES DIVISION,
*Respondent.*

## MURPHY,
### dba Hood View Residential Care Home and Mt. Scott Residential Care Home,
*Petitioner,*

*v.*

## MENTAL HEALTH DIVISION,
*Respondent,*

*and*

## DEPARTMENT OF HUMAN RESOURCES,
*Respondent.*

(CA A35334 (Control), A36438)

767 P2d 104

Montgomery W. Cobb, Portland, argued the cause for petitioner. With him on the brief were Arden E. Shenker, Portland, and Tooze, Marshall, Shenker, Holloway & Duden, Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

RIGGS, J.

### RIGGS, J.

Petitioner brings this action under ORS 183.400 to challenge administrative rules adopted by the Department of Human Resources (DHR) and two of its divisions, the Senior Services Division (SSD) and the Mental Health Division (MHD). We hold the challenged rules valid.

Petitioner operates two private residential care facilities that provide protective, supervised room and board to residents not in need of medical treatment or nursing care. Before the rules challenged here were promulgated, petitioner's facilities provided residential care to all persons in need of such care, regardless of the individual's age or diagnosis. The challenged rules restrict admissions to private residential care facilities, placing residents into separate facilities depending on their differing primary service needs. Exceptions are provided for individuals who can show that no space is available in a facility serving their primary service needs and that another facility is capable of providing adequate service. The effect of the regulations has been generally to restrict admissions at petitioner's Mt. Scott facility to elderly residents who are not mentally ill and at petitioner's Hoodview facility to those with severe mental or emotional disturbances.

We may hold an administrative rule invalid only if we find that the rule:

"(a)   Violates constitutional provisions;

"(b)   Exceeds the statutory authority of the agency; or

"(c)   Was adopted without compliance with applicable rulemaking procedures." ORS 183.400(4).

We consider, first, whether the challenged rules fall within the agencies' statutory authority and, second, whether the rules otherwise violate applicable statutory law.[1] Only if the rules are authorized by statute can we reach the question of their constitutionality. *Planned Parenthood Assn. v. Dept. of Human Resources*, 297 Or 562, 565, 687 P2d 785 (1984).

We have previously addressed the issue of whether

---

[1] Petitioner does not challenge the procedures by which the challenged rules were adopted.

the SSD rules challenged here contravene the legislature's expressed policy objectives in the field of human services, holding that "[t]he statutes, like the rules, clearly contemplate[ ] the establishment of different facilities under the auspices of different agencies to provide the services needed by persons with different problems." *Dempsey v. Senior Services Division,* 92 Or App 163, 167, 758 P2d 367 (1988). The same result obtains with respect to the MHD and DHR rules.

Petitioner argues that the challenged rules "restrict the statutory scheme by excluding people otherwise eligible for residential care from service, based solely on a certain kind of disability (or the absence of such a disability)," but this argument mischaracterizes the import of the rules. The rules allow for provision of residential care services to all eligible persons in need of such services, but provide that a particular individual will ordinarily be placed in a facility dedicated to serving that individual's primary needs. "It was consistent with [the] statutory objective to make placement of a person in a facility which does not normally serve his primary needs contingent on the unavailability of one that does." *Dempsey v. Senior Services Division, supra,* 92 Or App at 167. There is no inconsistency between the statutes and the rules.

■        Petitioner asserts that the challenged regulations violate Section 504 of the federal Rehabilitation Act of 1973, 29 USC § 794.[2] The challenged regulations do not discriminate against individuals on the basis of handicap, however. Mentally ill persons are not denied services by reason of their general exclusion from facilities serving the aged, and exceptions to the general rule are provided in appropriate circumstances. *See* OAR 410-05-100. The policy decision not to commingle aged and mentally ill residents does not constitute unlawful discrimination. *Accord: Dempsey by and through Dempsey v. Ladd,* 840 F2d 638 (9th Cir 1987).

■■        Petitioner's remaining arguments merit little discussion. Article 1, section 20, of the Oregon Constitution requires only that a governmental decision be made "by permissible

---

[2] Section 504 provides:

"No otherwise qualified individual with handicaps in the United States * * * shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance * * *." 29 USC § 794.

criteria and consistently applied [sic]." *City of Salem v. Bruner,* 299 Or 262, 269, 702 P2d 70 (1985). The state is entitled to make a policy choice to house mentally ill and elderly residents in separate facilities. Petitioner does not contend that the agencies have applied the regulations inconsistently. The meaning of the term "categories" is sufficiently clear in the context of the regulations to comport with due process. Finally, the challenged rules do not purport to impose criminal sanctions beyond those provided by statute.

OAR 309-35-110(1)(c), OAR 309-35-110(9)(h), OAR 309-35-145(3), OAR 309-35-190(1), OAR 410-05-080, OAR 410-05-090, OAR 410-05-100, OAR 411-55-000(8), OAR 411-55-010(1)(c), OAR 411-55-010(9)(h), OAR 411-55-080(3), and OAR 411-55-165(1) held valid.